UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | |
| v. | : | |
| WOOD WASTE OF BOSTON, INC. and DANIEL P. DWYER | : | |
| *Defendants.* | : | OCTOBER 9, 2020 |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff AIG Specialty Insurance Company ("AIG Specialty" or "Plaintiff"), by and through its undersigned attorneys, brings this action for declaratory and other relief against Defendants Wood Waste of Boston, Inc. ("Wood Waste") and Daniel P. Dwyer ("Dwyer") (the "Defendants"), and respectfully states and alleges as follows:

### NATURE OF THE SUIT

1. This is a claim for declaratory judgment under 28 U.S.C § 2201.

2. Plaintiff seeks a declaration that its does not owe any coverage obligations under a commercial general liability policy issued by AIG Specialty to Wood Waste in connection with a lawsuit captioned *Daniel P. Dwyer v. American Labor Service, et al.,* Case Number PC-2016-4376 (the "Underlying Action"), which is pending in the Providence/Bristol County Superior Court in the State of Rhode Island.

### THE PARTIES

3. AIG Specialty is a corporation organized under the laws of the State of Illinois with its principal place of business at 175 Water Street, New York, New York 10038.

4. Wood Waste is a Massachusetts corporation with a principal place of business located at 85-87 Boston Street, Everett, Massachusetts.

5. Daniel P. Dwyer is a resident of Attleboro, Massachusetts.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as all parties to this action are citizens or business entities of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the policy was issued in Massachusetts, and because Defendants are subject to personal jurisdiction in this venue.

8. This action is properly filed pursuant to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists between AIG Specialty and the Defendants as to AIG Specialty's coverage obligations under its policy for the claims asserted in the Underlying Action.

## THE SUBJECT ACCIDENT & UNDERLYING ACTION

9. The Underlying Action arises out of alleged injuries sustained by Dwyer on July 22, 2016 while he was working at a construction project located at two adjacent premises, 187 Westminster Street, Providence, Rhode Island and 203 and 213 Westminster Street, Providence, Rhode Island (the "Subject Premises").

10. At the time of the Underlying Action, Dwyer was an employee of Wood Waste.

11. On September 16, 2016, Dwyer commenced the Underlying Action in the Providence/Bristol County Superior Court in the State of Rhode Island.

12. The operative complaint in the Underlying Action is the June 24, 2019 Third Amended Complaint. A true and accurate copy of the Third Amended Complaint is attached hereto, as Exhibit A.

2

13. The operative complaint in the Underlying Action names Wood Waste, among other parties, as a defendant.

14. Therein, Dwyer alleges that he was directed by Wood Waste, among other defendants, to perform work at the Subject Premises.

15. Dwyer alleges that each of the defendants in the Underlying Action owed him a duty of care to provide, *inter alia*, a reasonably safe worksite.

16. Dwyer further alleges that defendants in the Underlying Action, William Thibeault and Thibeault Development, LLC, were managers and developers of the Subject Premises, and that they contracted with Wood Waste to "perform, direct, and supervise demolition work at the subject premises."

17. Dwyer alleges that Wood Waste, acting through its agents, servants, and/or employees negligently directed, performed, and supervised demolition work at the Subject Premises.

18. Dwyer alleges that on July 22, 2016, while performing his duties as directed by the defendants in the Underlying Action, including Wood Waste, he was injured when a wall and ceiling collapsed onto him because of the defendants' negligence.

19. Dwyer claims to have sustained injuries, past and future pain of the mind, body, and nerves, a loss of past and future wages and earning capacity, and has incurred and will continue to incur medical expenses.

20. Wood Waste admitted in the Underlying Action that Dwyer was an employee of Wood Waste.

21. Wood Waste's workers' compensation carrier has paid and continues to pay workers' compensation benefits to Dwyer in connection with the injuries he sustained at the Subject Premises.

## THE AIG SPECIALTY POLICY

22. AIG Specialty issued Commercial General Liability and Pollution Legal Liability Policy number 48883192 to Wood Waste of Boston Inc. for the period April 23, 2016 to April 23, 2017 (the "Policy"). A certified copy of the Policy is attached as Exhibit B, and its terms are incorporated herein.

23. The Policy includes liability limits of $1,000,000 for each occurrence.

24. Under **Section I - COVERAGES**, the Policy provides:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . . .

25. The Policy also includes the following Exclusion:

> This Insurance does not apply to:
>
> **e. Employer's Liability**
>
> "Bodily injury" to:
>
> (1) An "employee" of the insured arising out of and in the course of:
>
>> **(a)** Employment by the insured; or
>>
>> **(b)** Performing duties related to the conduct of the insured's business; or
>
> (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
>
> This exclusion applies:
>
>> (1) Whether the insured may be liable as an employer or in any other capacity; and

> **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".

\* \* \* \*

26. The Policy also includes Endorsement No. 13, **LIMITATION OF COVERAGE TO DESIGNATED PREMISES ENDORSEMENT**, which provides, in pertinent part:

> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY AND POLLUTION LEGAL LIABILITY COVERAGE FORM**
>
> It is hereby agreed that Coverages A, B, C, and E apply only to the insured's ownership, maintenance or use of the premises shown in the Schedule below in this endorsement and the insured's operations necessary or incidental to those premises. Operations necessary or incidental to those premises do not include any operations performed at another premises owned or occupied by an insured, regardless of whether those operations are related to the premises shown in the Schedule below.
>
> SCHEDULE
>
> Premises:
>
> 85-87 Boston Street, Everett, MA 02149
> 20 Crow Lane, Newburyport, MA 01950
>
> All other terms, conditions, and exclusions shall remain the same.

\* \* \* \*

27. Upon information and belief, the 85-87 Boston Street, Everett, MA 02149 premises listed in the Schedule is a debris recycling facility that Wood Waste operates, which receives, sorts, and recycles non-hazardous construction and demolition materials brought in by third parties.

28. AIG Specialty is presently providing Wood Waste with a defense under the Policy, subject to a complete reservation of rights.

### COUNT ONE – The Policy's Employer's Liability Exclusion Precludes Coverage For The Claims Asserted Against Wood Waste In The Underlying Action.

29. Plaintiff repeats and realleges the allegations of paragraphs 1 through 28 as if more fully set forth herein.

30. Pursuant to the terms of the Policy, including the Employer's Liability Exclusion, there is no coverage under the Policy for "bodily injury" to an "employee" of the insured, Wood Waste, arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured's business.

31. Dwyer was a Wood Waste employee at the time of the subject accident and, therefore Dwyer qualifies as an "employee" within the express terms of the Policy.

32. Since Dwyer was an employee of Wood Waste at the time of the subject accident, who was allegedly injured in the course of his employment with Wood Waste and/or when performing duties related to Wood Waste's business, coverage for the Underlying Action is precluded under the Policy's Employer's Liability Exclusion.

33. Accordingly, AIG Specialty is entitled to a declaration that no coverage is available under the Policy for the Underlying Action.

34. By reason of the foregoing, an actual controversy presently exists between AIG Specialty and the Defendants concerning the existence of coverage under the Policy for the claims asserted in the Underlying Action.

**COUNT TWO – The Policy's Limitation Of Coverage To Designated Premises Endorsement Precludes Coverage For The Claims Asserted Against Wood Waste In The Underlying Action.**

35. Plaintiff repeats and realleges the allegations of paragraphs 1 through 34 as if more fully set forth herein.

36. The Policy only provides coverage for the insured's ownership, maintenance or use of the premises shown in the Schedule of the Policy's Limitation of Coverage to Designated Premises Endorsement and the insured's operations necessary or incidental to those premises.

37. The Schedule does not include or otherwise reference either of the premises at which Dwyer claims to have sustained injuries, 187 Westminster Street, Providence, Rhode Island and 203 and 213 Westminster Street, Providence, Rhode Island.

38. Wood Waste's alleged demolition activities at the Subject Premises were neither necessary nor incidental to those premises listed on the Schedule.

39. Therefore, pursuant to the terms of the Policy, there is no coverage for Dwyer's injuries as they occurred at a premises that was not listed in the Schedule included in the Limitation of Coverage to Designated Premises Endorsement and did not occur as a result of operations necessary or incidental to such premises.

40. By reason of the foregoing, an actual controversy presently exists between AIG Specialty and the Defendants concerning the existence of coverage under the Policy for the claims asserted in the Underlying Action.

**WHEREFORE,** Plaintiff, AIG Specialty, respectfully requests the following relief:

1. As to Count I, an Order declaring that AIG Specialty has no coverage obligations under the Policy because coverage is excluded by the Policy's Employer's Liability Exclusion;

2. As to Count II, an Order declaring that AIG Specialty has no coverage obligations under the Policy because coverage is limited by the Policy's Limitation of Coverage to Designated Premises Endorsement;

3. Such other and further relief as this Court deems just, proper, and equitable.

PLAINTIFF,

AIG SPECIALTY INSURANCE COMPANY

By: _____
Robert D. Laurie
Bar No. 648456
GFELLER LAURIE LLP
West Hartford Center
977 Farmington Avenue / Suite 200
West Hartford, CT 06107
860.760.8400
860.760.8401 *Fax*