UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AIG SPECIALTY INSURANCE     :
COMPANY        Plaintiff      :
                                  :
        VS.               :        C.A. NO.:  1:20-cv-11839-IT
                                    :
                                    :
DANIEL DWYER and        :
WOOD WASTE OF BOSTON, INC.:
              Defendants    :

## DEFENDANT DANIEL DWYER'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR DISMISSAL OR STAY OR TRANSFER OF VENUE

There are two issues to be decided in this declaratory judgment action in determining whether coverage exists: (1) was Daniel Dwyer was an employee of Wood Waste of Boston, Inc.; and (2) were Wood Waste's operations at the Providence demolition site "necessary or incidental" to its waste recycling premises. The first issue regarding Dwyer's employment status is *identical* to the question in the underlying action that the Rhode Island Superior Court has ruled remains for jury determination; and the second issue regarding Wood Waste's operations at the site is dependent on the same factual record as to the role and conduct of Wood Waste agents. A jury will decide these facts in the upcoming July trial in the Superior Court tort case.

Dismissal of the instant federal matter will allow AIG to file its declaratory judgment action in the Superior Court, consolidate it with the underlying tort action, and permit the jury to decide the question of fact as to employment; and the trial judge, based on a single factual trial record, to determine the mixed question of law and fact as to the nature of the operations and application of the claimed exclusions. It serves no just or economic purpose for this court to exercise its discretion to develop a separate factual record to determine the two issues in this case, when the matter is about to be tried in the underlying tort action which has been pending

for 4 ½ years. If the trial results in either a factual finding that Dwyer was a Wood Waste employee or that Wood Waste was not negligent, there would be nothing for the court to decide as to coverage. "Declaratory judgments to resolve issues in pending tort cases should be rare." *Nautilus Ins. Co. v. BSA Ltd. P'ship,* 602 F.Supp.2d 641, 649 (D. Md. 2009).

Federal "district courts possess discretion in determining whether and when to entertain an action under the declaratory judgment act, even when the suit otherwise satisfies subject matter jurisdiction." *Wilton v. Seven Falls Company*, 515 U.S. 277, 115 S. Ct. 2137, 2138 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *Wilton* sets forth a five factor analysis which provides courts with discretion to abstain from hearing a declaratory judgment action when a pending parallel state court proceeding exists. These factors include: (1) the scope of the pending state court proceeding and the nature of defenses open there; (2) whether the claims of all parties in interest can be adjudicated satisfactorily in the state proceeding; (3) whether necessary parties have been joined; (4) whether all necessary parties are amenable to process in the state proceeding; and (5) the virtue of avoiding "uneconomical" proceedings, "vexatious" proceedings, and "gratuitous interference" by a federal court with an orderly and comprehensive suit pending in a state court, presenting the same issues, not governed by federal law, between the same parties. See *Travelers Cas. & Sur. Co. v. Bos. Gas Co.*, 76 F. Supp. 2d 59, 62 (D. Mass. 1999) (citing *Wilton*, 515 U.S. at 282–83 and *Brillhart*, 316 U.S. at 494–95). Applying this analysis to the facts of the underlying case strongly supports dismissal or a stay.

## **The Pertinent Facts in the Underlying Case**

Daniel Dwyer was injured during his first week working for Thibeault Development, LLC. He was hired after responding to an internet job posting for "Maintenance Technician." The job posting mentions "Thibeault Development" three times as the company offering the job;

it does not mention Wood Waste at all.  (Exhibit 1, Thibeault Development job posting for

Maintenance Technician). The job posting describes Thibeault Development as a "Real Estate

Property Development Company" and the job opening as a "Building Maintenance Technician."

When Ann Thibeault, defendant William Thibeault's sister, interviewed plaintiff for the job, she

did not tell him that he would be working for Wood Waste if he got the job. And nobody else

did. (Exhibit 2, Deposition of Daniel P. Dwyer, p. 39-40).[1] Dwyer's job duties also refute an

employment relationship with Wood Waste.[2]  Dwyer testified and stated by way of affidavit, that

he "was hired by William Thibeault as a maintenance technician/property manager with

responsibility to oversee, maintain and manage properties of Thibeault Development, including

properties in Boston, MA and Providence, RI."  (Exhibit 3, Affidavit of Daniel P. Dwyer, ¶ 3. On

the day of his injury, Dwyer was sent by his boss, William Thibeault, to Providence to repair an

air conditioner in a building he owned adjacent to another Thibeault-owned premises where the

demolition work was ongoing. Dwyer was injured when he entered the other building and

encountered workers demolishing a wall from the bottom up, causing it to collapse and bury him.

    Wood Waste, on the other hand, is not in the property management business, but rather

in the business of collecting and recycling construction and demolition materials. William

Thibeault testified at his deposition that Wood Waste is "basically a transfer recycling facility of

construction, demolition material."  (Exhibit 4, Deposition of William Thibeault, p.12). He also

---

[1] When plaintiff requested production from Wood Waste of his "complete personnel file, including but not limited to all documents signed or executed by plaintiff at any time," Wood Waste produced a mere six pages of documents, none of which contains any mention of Wood Waste. Exhibit 2, Defendant Wood Waste of Boston, Inc.'s Response to the Plaintiff's Second Request for Production of Documents.

[2] The fact that a company pays a worker's wages or workers' compensation benefits is meaningless if the worker did not have the requisite "direct employment relationship" with that company. In *Fleming v. Shaheen Bros., Inc.,* 71 Mass. App. 223 (2008), plaintiff was injured at work and tried to sue the company that had interviewed and hired him and had exclusive control over his job training, job hours, and job duties.  The court determined that the worker was an employee of the hiring and supervising company, notwithstanding the fact that a different company paid the worker's wages and workers' compensation benefits.

testified the Wood Waste employees would collect and transport the demolition materials from the Providence site to the recycling facility. Since the materials recycling business of Wood Waste has nothing to do with the building maintenance and property management functions that plaintiff was hired to perform for Thibeault Development, plaintiff's employment relationship could not have been with Wood Waste and must have been with Thibeault Development. In contrast to Dwyer's work, the actual Wood Waste employees at the site were performing operations "incidental" to the facility. [3]

Wood Waste moved for Summary Judgement, arguing that Dwyer's suit was barred because he was a Wood Waste employee, and that Wood Waste had no duty to maintain a safe worksite because it was not in control of the site. The Superior Court Judge denied its motion finding that there were factual questions as to Dwyer's employment status, and as to Wood Waste's role, control of the worksite, and whether its employees were negligent.

### Factor 1: The Scope of the Pending State Court Proceeding

AIG's assertion that there are "no factual issues that need to be resolved in that [underlying] action that impact the legal analyses required here concerning the coverage available…" is patently wrong. AIG ignores the Superior Court's ruling in a summary judgement hearing that Dwyer's employment status, and the role, duties, and conduct of Wood Waste's agents at the demolition site, are material questions of fact. The employment issue is exactly the same as the one here. While the issue of whether Wood Waste's work at the site was "incidental or necessary" to its operation of the recycling plant is not precisely the same as the factual issues of control and negligence in the underlying case, the issues are manifestly based on the same

---

[3] The generation of demolition waste and its collection and transportation to the insured's recycling facility in Everett is directly and necessarily related to Wood Waste and the insured premises.

operative facts. Indeed, AIG concedes as much by virtue of its Rule 26 Initial Disclosure which states:

> "Upon information and belief, *Wood Waste, and its agents, servants, employees, and representatives have knowledge of* the claim asserted by defendant Daniel Dwyer ("Dwyer"), his employment status, his receipt of workers' compensation benefits, statements made by or on behalf of Wood Waste in Dwyer's underlying tort action and *the nature and extent of Wood Waste's business in relation to the properties* located at 85-87 Boston Street, Everett, Ma. and 20 Crow Lane, Newburyport, Ma."(emphasis added).

### **Factors 2 and 3: Whether the Claims of all Parties in Interest can be Adjudicated Satisfactorily in the State Proceeding; and Whether Necessary Parties have been Joined**

The state court proceeding is the best place to adjudicate the claims of all the parties in interest. The only parties in the instant case are AIG, its named insured – Wood Waste, and Daniel Dwyer – a real party in interest as the potential beneficiary of the coverage in issue. Yet another other real party in interest – William Thibeault - has been omitted from the instant declaratory judgment action. Thibeault is the 100% owner of Wood Waste, and his wholly-owned corporate entities who are all named defendants in the underlying lawsuit. Thibeault, as an agent of Wood Waste, is likely insured under the policy at issue, and he is also personally named in the underlying suit, by virtue of his direct acts and conduct relating to the demolition site.  He is a true real party in interest who somehow has not been named as a defendant in AIG's declaratory judgment action.

Dismissal or stay of this action will allow AIG to join and consolidate its declaratory judgment action in the Superior Court proceeding, thereby protecting its interest in determining coverage obligations, and protecting Thibeault's personal and corporate interests.

**<u>Factor 4: Whether all Necessary Parties are Amenable to Process in the State Proceeding</u>**

Two of the three parties to the instant Declaratory judgment action *support* dismissal, stay or transfer. Only AIG strenuously opposes litigating in the very forum where the liability of its insured will be determined. And while AIG asserts that defendants "have failed to establish" personal jurisdiction over AIG in Rhode Island, it is registered to do business in the State of Rhode Island according to the Rhode Island Department of Business Regulation, insurance division. (Exhibit 5).  Therefore, amenability to process in Rhode Island is not an issue here.

**<u>Factor 5:  Avoiding "Uneconomical" and "Vexatious Proceedings" and "Gratuitous Interference" by a Federal Court</u>**

It is difficult to conceive of how judicial economy is served by this court allowing for duplicative discovery and creating a separate and distinct factual record from the underlying action with the potential for inconsistent rulings on the same or similar issues. It makes plain and practical sense to allow the instant declaratory judgment action to be consolidated into the underlying pending tort case, where trial is imminent. That way, both liability and coverage issues, if necessary, can be decided by a single judge and jury. *Wyndham Assoc. v. Bintliff,* 398 F.2d 614, 619 (2d Cir.1968) ("[T]here is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided"). AIG cannot claim prejudice when it waited until after trial was assigned to file this declaratory judgement action in a separate forum.

**Relief Sought**

Defendant Dwyer respectfully requests that his motion for dismissal or stay be granted to allow the state court action to proceed to determine the existing questions of fact, without prejudice to plaintiff AIG's right to join a declaratory action into the pending action, to adjudicate coverage issues in state court. Alternatively, Dwyer requests that his motion to transfer be granted and the matter be transferred to the United States District Court for the District of Rhode Island under 28 U.S.C. §1404 (a).

<div style="margin-left:40%">

DANIEL DWYER
By his Attorneys,


/s/ Peter J. Cerilli
Peter J Cerilli, Esq. (BBO# 079770)
FoleyCerilli, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
Telephone:  (401) 272-7800
Facsimile:   (401) 274-2780
peter@foleycerilli.com

</div>

**CERTIFICATE OF SERVICE**


I hereby certify that on March 29, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<div style="margin-left:40%">

/s/ Peter J. Cerilli

</div>